IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTA TYRONE GILLIE,                 *

    Petitioner                               *

    v.                                     *    Civil No. WDQ-10-2332
                                                    Criminal No. WDQ-06-211

UNITED STATES OF AMERICA       *

    Respondent                          *
                                             *******

## MEMORANDUM

Before the Court is correspondence from Petitioner which challenges his conviction and sentence. Paper No. 20. Gillie is advised that the court intends to treat the instant filing as a motion to vacate Petitioner's federal conviction and/or sentence under 28 U.S.C. § 2255, which means in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's convictions became final in 2007. When Petitioner filed the instant Petition on August 11, 2010,[1] the one-year limitations period had already expired.[2] The one-year

---

[1] For the purposes of assessing timeliness, the Court deems the petition filed on August 11, 2010,

limitation period is subject to equitable tolling, however, where a petitioner demonstrates "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc). The Court will grant Petitioner twenty-eight days to advise the Court whether he wants his filing treated as a motion filed under 28 U.S.C. § 2255 and if so, explain why he thinks the petition is timely or why equitable tolling applies. Failure to timely reply may result in dismissal of the Petition without further notice. A separate Order follows.

September 29, 2010          /s/
Date          William D. Quarles, Jr.
         United States District Judge

---

the date stamped on the envelope, as the petition is not dated by the petitioner. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-920 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. §2255).

    2    Although the limitations period is an affirmative defense, a court may sua sponte dismiss a section 2255 petition as untimely. *See Hill*, 277 F. 3d at 705; *see also Sosa*, 364 F.3d 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v Braxton* to motions under § 2255). The court's sua sponte consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing § 2255 cases, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government.